IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| CHAVEZ LAW PC d/b/a CHAVEZ LAW FIRM, | § § § | |
|     Plaintiff, | § | EP-24-CV-00158-DB |
| v. | § § | |
| DEPOSITORS INSURANCE COMPANY d/b/a NATIONWIDE, | § § § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered the above-captioned case. On April 8, 2024, Plaintiff

Chavez Law PC d/b/a Chavez Law Firm ("Plaintiff" or "Chavez Law") filed "Plaintiff's Original

Petition with Jury Demand and Notice of Required Disclosures" ("Complaint"), ECF No.[1] 1–1,

against Defendant Depositors Insurance Company d/b/a Nationwide ("Depositors") alleging

tortious interference with existing contract and conversion. *Id.* at 6–7. On May 10, 2024,

Depositors filed a notice of removal seeking to remove the case to federal court on the basis of

diversity jurisdiction. ECF No. 1. On October 4, 2024, Depositors filed a motion to dismiss for

lack of subject-matter jurisdiction and for judgment on the pleadings. ECF No. 16. Plaintiff timely

responded.[2] After careful consideration of the pleadings and applicable law, Defendant's Motion

is granted for the reasons stated herein.

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.
[2] On November 1, 2024, Plaintiff filed "Plaintiff's Response to Depositors Insurance Company's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and For Judgment on the Pleadings" ("Plaintiff's Response"), ECF No. 22.

## BACKGROUND

The following facts are derived primarily from Plaintiff's Complaint, ECF No. 1–1, and are accepted as true to adjudicate this motion.[3] On or about February 24, 2024, Depositors received notice from Chavez Law that the firm was representing Alejandro Soto ("Soto") in a claim against a party insured by Depositors. ECF No. 1–1 at 5.  On or about March 2, 2022, Depositors sent notice to Chavez Law acknowledging "the claim asserted by the Law Firm's Client Alejandro Soto. . . ." *Id.*  Depositors later received an email from the firm, on or about April 12, 2022, notifying Depositors that Chavez Law possessed a "lien on any proceeds or settlement that [Depositors] pays to Client Alejandro Soto for Soto's asserted claim." ECF No. 1–1 at 5–6.  In that email, Chavez Law informed Depositors that Alejandro Soto had signed an engagement letter assigning Chavez Law a 40% interest in any proceeds or settlement Depositors paid to Alejandro Soto for Soto's asserted claim. ECF No. 1–1 at 6. Sometime thereafter, Alejandro Soto and the opposing party in the claim presumably reached a settlement, and Depositors sent 100% of the settlement proceeds to Soto. *Id.*

On April 8, 2024, Chavez Law filed its Complaint against Depositors in Texas state court, alleging tortious interference with existing contract and conversion. ECF No. 1–1 at 6–7. Depositors removed the case to federal court on the basis of diversity jurisdiction on May 10, 2024, ECF No. 1, then filed a motion to dismiss for lack of subject-matter jurisdiction and, in the alternative, a motion for judgment on the pleadings, ECF No. 16.

---

[3] *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024) ("At [the motion to dismiss] stage, . . . "the Court must assume the well-pleaded factual allegations in the complaint are true.").

In its motion to dismiss, Depositors argues that, pursuant to Texas state law, Chavez Law lacks standing to sue Depositors for its attorney's fees. ECF No. 16 at 5–6. In its motion for judgment on the pleadings, Depositors alleges that Chavez Law has failed to plead sufficient facts to support its tortious interference with existing contract and conversion claims. ECF No. 16 at 17–19. Specifically, Depositors argues that Chavez Law failed to plead any facts demonstrating: (1) that Depositors knowingly induced Alejandro Soto to breach his agreement with Chavez Law, (2) that Alejandro Soto breached his contract with Chavez Law, or (3) that Depositors wrongfully exercised dominion or control over Chavez Law's property. *Id.*

## LEGAL STANDARD

### A. Dismissal Under Federal Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a claim for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate" the claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B. Dismissal Under Federal Rule 12(c)

Federal Rule of Civil Procedure 12(c) "permits a party to move for a judgment on the pleadings." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). "A Rule 12(c) motion may dispose of a case when there are no disputed material facts and the court can render a

3

judgment on the merits based on 'the substance of the pleadings and any judicially noted facts.'" *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018) (quoting *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)). A Rule 12(c) motion is subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

When evaluating a motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citation omitted). Although Federal Rule of Civil Procedure 8 states that an adequate pleading need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" this standard demands more than "naked assertion[s]" devoid of "further factual enhancement." FED. R. CIV. P. 8; *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007). To avoid dismissal, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

## ANALYSIS

Plaintiff raises two claims against Depositors in its Complaint—tortious interference with an existing contract and conversion. The threshold question in this case is whether Plaintiff, a discharged attorney, has standing to assert such claims against Depositors, a third-party insurer involved in litigation with Plaintiff's former client, Soto. For the reasons stated below, this Court finds that, under the applicable law, Plaintiff lacks standing to recover from Depositors. As such, dismissal is appropriate under Rule 12(b)(1), and the Court need not consider the parties' arguments under Rule 12(c).

Case 3:24-cv-00158-DB    Document 61    Filed 09/30/25    Page 5 of 10


A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

In its motion to dismiss for lack of subject-matter jurisdiction, Depositors' argues that Plaintiff lacks standing to "sue and recover from Depositors" because "Texas law does not provide Plaintiff with an independent cause of action to recover its attorney's fees from the tortfeasor giving rise to the Claim, or the tortfeasor's insurer. . . ." ECF No. 16 at 4. In its response, Plaintiff argues that it does have standing because the firm is asserting "independent claims against [Depositors] for [Depositors] own tortious acts[,]" rather than claims arising under the attorney-fee agreement. ECF No. 22 at 9. For the reasons stated below, the Court agrees with Depositors that Plaintiff lacks standing to maintain its claims.

Article III of the Constitution limits federal courts' jurisdiction to certain "Cases" or "Controversies" arising under federal-question or diversity jurisdiction. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); U.S. CONST. art III, § 2, cl. 1. Under Article III, a case or controversy can exist only if a plaintiff has standing to sue. *United States v. Texas*, 599 U.S. 670, 675 (2023). To have standing, a plaintiff must establish "a 'personal stake' in the dispute." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). This is done by demonstrating: "(i) that [the plaintiff] has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *All. for Hippocratic Med.*, 602 U.S. at 380.

To sufficiently allege injury-in-fact, a plaintiff must claim "that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo Inc. v. Robins,* 578 U.S. 330, 339 (2016)

5

(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Although monetary harms typically "qualify as concrete injuries[,]" the Supreme Court has emphasized that alleged injuries must be "legally and judicially cognizable." *TransUnion*, 594 U.S. at 425; *Raines v. Byrd*, 521 U.S. 811, 819 (1997). In a diversity case, determinations as to whether an injury is legally cognizable must be guided by state substantive law. This is because questions of "who may bring suit and what they may be compensated for" are substantive, rather than procedural, questions. *Zicherman v. Korean Air Lines Co.*, 516 U.S. 217 (1996); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the Erie doctrine federal courts sitting in diversity apply state substantive law and federal procedural law."). Accordingly, whether Plaintiff has suffered a legally cognizable injury in this case will turn on its substantive rights pursuant to Texas law.

Under Texas law, "if an attorney hired on a contingent-fee basis is discharged without cause before the representation is completed, the attorney may seek compensation in quantum meruit or in a suit to enforce the contract by collecting the fee from any damages the client subsequently recovers." *Hoover Slovacek LLP v. Walton*, 206 S.W.3d 557, 561 (Tex. 2006) (citing *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 847 (Tex. 1969)). However, because an attorney's rights under a contingency fee contract are "wholly derivative from those of his client[,]" a discharged attorney generally lacks standing to pursue an independent cause of action against anyone other than his former client.[4] *Dow Chem. Co. v. Benton*, 357 S.W.2d 565, 567 (Tex. 1962). The Texas Supreme

---

[4] Pursuant to the Court's order sustaining Plaintiff's evidentiary objection raised in "Plaintiff's Objections to Defendant's Evidence," ECF No. 60, the Court will not consider Exhibit A-6 attached to "Appendix to Defendant Depositors Insurance Company's Motion Dismiss for Lack of Subject-Matter Jurisdiction and for Judgment on the Pleadings," ECF No. 17. However, because Plaintiff did not dispute that it was discharged by Alejandro Soto, the Court will accept this fact as true in considering Depositors' motion. *See generally* ECF No. 22.

Court reasons these agreements create "one cause of action . . . [because its] decisions uphold an agreement to assign a part of the recovery on the cause of action to the attorney. But [] have never held that the cause of action is divisible and may be tried for only a percentage of the cause of action." *Id.*; *Honeycutt v. Billingsley*, 992 S.W.2d 570, 584 (Tex. App. 1999) ("We agree that *Dow Chemical* stands for the general principle that a suit for attorney's fees is not ordinarily maintainable as a separate cause of action.") (emphasis omitted); *see also Berry v. Nucces Cnty.*, No. 13-05-383-CV, 2006 WL 1280901, at *2 (Tex. App. May 11, 2006) (holding that a discharged attorney lacks standing to sue an opposing party for attorney's fees).

Texas courts have recognized a narrow exception to the general rule that recovery is not permitted against an opposing party involved in an underlying claim. However, it applies only when the former client and the opposing party in the subject litigation conspire to "effectuate a settlement that circumvents the attorney's interest in the lawsuit." *Honeycutt*, 992 S.W.2d at 584. As such, an attorney may only assert standing to sue an opposing party for his attorney's fees if there is an alleged conspiracy between the former client and the opposing party being sued. The case of *Sewell v. Guillory*, No. 09-16-00078-CV, 2017 WL 6521067 (Tex. App. Dec. 21, 2017) is illustrative on this point.

*Sewell* involved a dispute between Sewell, who was a discharged attorney, and the insurer Zurich American Insurance Company ("Zurich"). *Id.* at *1. Sewell had been hired to represent a client in a personal injury action involving a defendant insured by Zurich but was discharged before a final resolution could be reached. *Id.* Zurich had prior notice of Sewell's interest in the claim, yet, following Sewell's dismissal, Zurich settled the claim with the client's new attorney without paying Sewell's contingent fee. *Id.* Sewell sued Zurich for breach of contract, but the trial

court agreed with the insurer that Sewell's remedy, if any, would be an action against his former client, thus granted summary judgment in favor of Zurich. *Id.* at *2, *5. On appeal, the Beaumont Court of Appeals considered whether exception outlined in *Honeycutt* permitted Sewell to recover from Zurich. *Id.* at *6. In affirming the trial court's judgment, the appellate court held that, since Sewell neither pled nor argued in the trial court action that his former client and Zurich "conspired to deprive him of any rights he had under his contingent-fee contract[,]" the *Honeycutt* exception did not apply. *Id.* As such, Sewell's claim was "not cognizable against Zurich." *Id.*

Like the attorney in *Sewell*, Plaintiff has not pled a conspiracy between Depositors and Alejandro Soto to exclude the firm from Soto's recovery or otherwise "vitiate the [firm's] rights under the under the contingent-fee agreement." *Id.* The Complaint merely alleges that Depositors, with notice of Chavez Law's contingent-fee interest, delivered the entirety settlement funds to Soto, thereby violating firm's lien. ECF No. 1–1 at 6. As the court of appeals identified in *Sewell*, this allegation, without more, is insufficient to establish standing to recover from Depositors. This is true regardless of whether Plaintiff asserts a breach of contract claim or "independent" tort claims. *See e.g., Iron Tigga, LLC v. L. Offs. of David W. Showalter*, LLP, No. 13-21-00459-CV, 2022 WL 11467825, at *8–9 (Tex. App. Oct. 20, 2022) (holding that the *Honeycutt* exception did not permit a discharged attorney to maintain independent claims of tortious interference with existing contract and civil conspiracy against a defendant involved in subject litigation).

For example, in *GEICO Choice Ins. Co.*, the Houston Court of Appeals considered whether an attorney could recover its attorney's fees from an opposing party under a theory of wrongful payment of an assigned interest and conversion. *GEICO Choice Ins. Co. v. Stern*, No. 01-18-00013-CV at *4. The law firm, SLG, represented a client in a personal-injury action against a

8

tortfeasor insured by GEICO and entered into a contingency fee agreement. Therein, the client assigned the firm an ownership interest in any recovery made on the client's behalf, including damages for past medical expenses. *Id.* at *1. GEICO had knowledge of the attorney's assigned interest but settled the client's outstanding hospital bill without the permission of the client or the attorney. *Id.* SLG sued GEICO, and the trial court granted summary judgment in favor of the attorney, determining that GEICO was liable to the attorney for a portion of the amount paid to settle the client's medical bill. *Id.* at *1–3. However, the Houston Court of Appeals reversed, holding that the "liability concept set forth in *Honeycutt* and relied upon by SLG in maintaining a separate cause of action against GEICO for its attorney's fees" was inapplicable because SLG's client did not attempt to exclude SLG from her recovery. *Id.* at *4.

It follows from the court's decision in *GEICO Choice Ins. Co.*, that the nature of the claims asserted is immaterial in determining whether a discharged attorney has standing to recover from an opposing party in the subject litigation. Plaintiff cannot skirt standing requirements by simply alleging tortious conduct rather than breach of contract. Under Texas state law, to have a cognizable claim against Depositors, Plaintiff was required to plead a conspiracy between Depositors and Alejandro Soto to deprive Plaintiff of its contractual rights. Plaintiff's failure to do so means that the firm lacks standing to bring this suit. Accordingly, Depositors' 12(b)(1) motion to dismiss must be granted and Plaintiff's claims dismissed.

B. Motion for Judgment on the Pleadings

Because there is no subject matter jurisdiction over Plaintiff's claims, this Court will not address Depositors alternative relief arguments for judgement for the pleadings.

## CONCLUSION

Because Plaintiff lacks standing under applicable law to assert its claims against Depositors, this Court lacks subject-matter jurisdiction over Plaintiff's claims.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Judgment on the Pleadings," ECF No. 16, is **GRANTED.**

**IT IS FURTHER ORDERED** any pending motions are **DENIED AS MOOT**.

SIGNED this _30th_ day of **September 2025**.

THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE